CRUDE OIL CORPORATION OF AMERICA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3362. Promulgated April 4, 1946.

*W. C. Franklin, Esq.*, for the petitioner.
*D. Louis Bergeron, Esq.*, for the respondent.

650

### OPINION.

DISNEY, *Judge*: The Commissioner determined in the deficiency notice that the petitioner had failed to elect, in a capital stock tax return filed before the expiration of the statutory filing period on July 31, 1940, to declare a value for its capital stock, under section 1202 (e), Internal Revenue Code, as added by section 301 of the Revenue Act of 1939. In pertinent part that section is set forth in the margin.[1] That determination is presumed to be correct. To overcome it the petitioner proved that the requisite return and election was mailed at Tulsa, Oklahoma, in time, by the usual method of mail delivery, to have reached the place of filing, the collector's office at Oklahoma City, Oklahoma, by the required date; and it relies upon a presumption that having been so mailed, the return was delivered. No reliance is placed upon a return and election filed several months later. There was no positive proof that the return was not received by the collector's office, but it was proven that the return was never found, that the method of handling and examination of the mail was proven, tending to show the small chance of the return being lost after receipt, and that a particular section of that office, the miscellaneous tax division, handles about 10,000 returns a month, and in 3 years had lost only 1 return.

The petitioner's position is, in short, that though the Post Office Department is not in general the agent of the Commissioner of Internal Revenue, nevertheless by the promulgation of Regulations 64, article 36,[2] the Commissioner made the Post Office Department his

---

[1] * * * In the case of any domestic corporation, * * * the year ending June 30, 1940, shall * * * constitute an additional declaration year if with respect to such year (1) the taxpayer so elects * * * in its return before the expiration of the statutory filing period or any authorized extension thereof * * *.

[2] * * * (a) *General.*—The return shall be filed with the collector for the district in which is located the principal place of business of the corporation * * *. The return must be filed on or before July 31, next following the close of the taxable year, unless the time for filing has been officially extended prior to such date. * * *

If a return is placed in the mails, properly addressed and postage paid, in ample time (as shown by the date of the postmark on the envelope in which it is mailed) to reach the office of the collector in due course before the expiration of the statutory filing period or any official extension thereof, no penalty will attach solely by reason of the fact that the return is actually received by the collector after the expiration of the prescribed time. As to additions to the tax in the case of failure to file the return within the prescribed time * * *.

agent, so that mailing of the return in Tulsa was filing; and that, as above suggested, there is a presumption of delivery of the return from the fact of mailing.

We can not agree that the regulation above referred to constitutes the Post Office Department the agent of the Commissioner. On its face, it fails to do so, for it merely provides in substance that mailing in ample time (as shown by the postmark—not shown in this case) to reach the collector's office in due time will prevent attachment of penalty solely by reason of the fact of actual receipt after the requisite time. It says nothing about the situation where there is no delivery at any time. The regulation is too narrow to be a basis for the agency contended for by the petitioner. We hold the Post Office Department not to be the agent of the Commissioner in the matter here involved.

This leaves the petitioner to rely upon presumption of delivery, from mailing. That there is such presumption is established by many cases, such as *Rosenthal* v. *Walker*, 111 U. S. 185. But by so demonstrating the petitioner has shown only a presumption of delivery, not fact of delivery, and this is insufficient to meet the presumption of correctness of the Commissioner's determination that there was no filing of the election. *Shea* v. *Commissioner*, 81 Fed. (2d) 937; *City Bank Farmers Trust Co., Executor*, 41 B. T. A. 1; *Herbert D. Robinson, Executor*, 21 B. T. A. 1373; *J. Z. Todd*, 3 T. C. 643; *Herbert L. Danner*, 3 T. C. 638; *Fremont Canning Co.*, 17 B. T. A. 484; *James Lewis Caldwell McFaddin*, 2 T. C. 395 (407); *W. D. Johnson*, 1 T. C. 1041 (1054). In the last case the presumption unsuccessfully relied on to overcome presumption of correctness of the Commissioner's determination was the same presumption here relied on, i. e., presumption of delivery of mail from fact of mailing.

Under the above authority, we hold that the petitioner has shown no error in the determination by the Commissioner.

*Decision will be entered under Rule 50.*